UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
MECHELLE A. MURPHY,

            Plaintiff,

  -against-                      **MEMORANDUM AND ORDER**
                                    Case No. 17-CV-6966 (FB)

ANDREW SAUL, Commissioner of
Social Security,

            Defendant.
---------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                     *For the Defendant:*
HOWARD D. OLINSKY          RICHARD P. DONOGHUE
Olinsky Law Group             United States Attorney
300 South State Street          Eastern District of New York
Syracuse, New York 13202     271 Cadman Plaza East
                                          Brooklyn, New York 11201

                                          By:   DAVID B. MYERS
                                                  Assistant United States Attorney

**BLOCK, Senior District Judge:**

      In a prior memorandum and order, the Court remanded this case to the Commissioner of Social Security for further proceedings. In so doing, it imposed time limits on the proceedings on remand and, citing *Butts v. Barnhart*, 388 F.3d 377 (2d Cir. 2004), *modified on rehearing*, 416 F.3d 101 (2d Cir. 2005), directed the Commissioner to award benefits if those limits were exceeded. The Commissioner now seeks reconsideration of that aspect of the Court's memorandum and order.

*Butts* stands generally for the proposition that a district court may consider enforceable time limits if it is "reviewing an ALJ's decision at step five, rather than step four, of the five-step inquiry." *Butts*, 416 F.3d at 103. Since Murphy's application for benefits was denied at step five, the Court imposed time limits on remand.

The Commissioner argues that *Butts* is limited to cases "where the claimant is entitled to benefits absent the Commissioner's providing expert vocational testimony about the availability of appropriate jobs." *Id.* at 104. It is true that the failure to call a vocational expert was the error at issue, but the Court does not agree that the logic of *Butts* wouldn't apply with equal force to other step-five errors.

Nevertheless, the opinion also makes the more general statement that ordering calculation of benefits to enforce time limits is appropriate only if "the evidence at the fifth stage would compel a finding that [the claimant] was disabled absent the Commissioner's meeting her burden of making a contrary showing." *Id.* Here, the Court remanded because the medical evidence was ambiguous regarding the limitations imposed by Murphy's bypass surgery, not that it conclusively established a disability absent contrary evidence offered by the Commissioner. Therefore, the Court concludes—somewhat reluctantly—that *Butts* does not apply.

Accordingly, the Court grants the Commissioner's motion for reconsideration and vacates its prior directive to "immediately calculate benefits" if the time limits it imposed are exceeded.

**SO ORDERED**.

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 12, 2019